**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RYANSO, LLC <br><br> Plaintiff, <br><br> v. <br><br> YEEZY LLC.; and ABC CORP(S). 1-10 <br><br> Defendant(s). | **Civil Action No.:** <br><br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff Ryanso, LLC ("Plaintiff"), by and through its undersigned counsel, hereby files the within Complaint against Defendant, Yeezy LLC ("Yeezy" or "Defendant"), and alleges as follows:

**PARTIES**

1. Plaintiff is a Delaware Limited Liability Company, with a principal place of business located at 228 Berry Street, Apartment 3G, Brooklyn, New York 11249.

2. Upon information and belief, Defendant, Yeezy LLC is a Delaware Limited Liability Company with a principal address located at 20020 Parthenia Street, Northridge, California 91324.

3. Defendants ABC Corp(s). 1-10 are fictitious businesses which are may or may not be affiliated with the Defendant.

**NATURE OF THE ACTION**

4. This dispute involves the wrongful failure to pay Plaintiff for web design services for Defendant's website, Yeezy.com, in the amount of $150,000.00.

## VENUE AND JURISDICTION

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the Parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.      Plaintiff is a citizen of the State of New York and Defendant's sole member is domiciled in Brooklyn, New York.  As a result, jurisdiction in the Eastern District of New York is proper.

7.      Upon information and belief, Defendant is a citizen of the State of California.

8.      Venue is proper in this District under 28 U.S.C. §1391(b)(1) and (3) because contracted the Defendant contracted with Plaintiff to provide the requested web design services, rendering Defendant subject to the jurisdiction of the State and Federal Courts of the State of New York pursuant to C.P.L.R. § 302.

## FACTS

9.      On or around January 26, 2025, Defendant entered into a contract with Plaintiff for web design services for Defendant's website, Yeezy.com, in the amount of $150,000.00.

10.     Plaintiff performed all services under the contract to Defendant's satisfaction.

11.     Plaintiff provided the requested web design services ordered by Defendant, and on October 26, 2025, Plaintiff duly issued Defendant in invoice in the amount of $150,000.00 for payment.

12.     Despite Defendant's receipt of the invoice, and Defendant's acceptance of all of the design services from Plaintiff, Defendant has failed and/or refused to pay Plaintiff for the web design services provided.

BE.17096474.1/SOD014-289222

13.    On March 13, 2026, Plaintiff made a written demand to Plaintiff to Defendant and notified Defendant that Plaintiff would commence legal proceedings to collect upon the debt due and owing by Defendant if payment was not made in accordance with the contract.

14.    Despite receipt of Plaintiff's written demand, Defendant neither responded to Plaintiff's written demand or provided payment as requested.

## COUNT I:
## BREACH OF CONTRACT.

15.    Plaintiff re-alleges and incorporates all prior paragraphs as if set forth herein in full.

16.    The agreement entered into between Plaintiff and Defendant as detailed above is a valid and binding contract entered into by all parties and agreed to by Defendant under no duress or undue influence.

17.    Payment has not been made for the reasonable value of web design services rendered by Plaintiff, in accordance with Defendant's agreement to pay the reasonable price for the same.  Despite demands for payment, Defendant has failed to pay the outstanding balance for design services received.  Payment has been demanded by Plaintiff and has not been made.

18.    Because Defendant has failed to pay the amount due and owing to the Firm, Defendant has breached the terms of the contract with Plaintiff.

19.    As a result of Defendant's breach, Plaintiff has suffered damages and continues to suffer damages.

## COUNT II:
## BREACH OF IMPLIED CONTRACT

20.    Plaintiff re-alleges and incorporates all prior paragraphs as if set forth herein in full.

21.    Defendant promised to pay Plaintiff the full amount for web design services rendered.

3

22.    Payment has not been made for the reasonable value of services rendered by Plaintiff, in accordance with Defendant's promise to pay the reasonable price for the same.  Despite demands for payment, Defendant has failed to pay the outstanding balance for web design services received.  Payment has been demanded and has not been made.

23.    Defendant, being indebted to Plaintiff in the amount of $150,000.00, promised to pay the Plaintiff said sum on demand.

24.    As a result of the breach of Defendant's promise, Plaintiff has suffered damages and will continue to suffer damages.

**COUNT III:**
**BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

25.    Plaintiff re-alleges and incorporates all prior paragraphs as if set forth herein in full.

26.    Defendant was obligated to act fairly and in good faith in the performance under the terms of the agreement with Plaintiff.

27.    Defendant, without any reasonable justification, has refused to perform its obligation under the agreement to pay Plaintiff.

28.    As a result of Defendant's breach, Defendant's conduct violates the covenant of good faith and fair dealing which is implied in every contract in the State of New York.

**COUNT IV:**
**PROMISSORY ESTOPPEL**

29.    Plaintiff re-alleges and incorporates all prior paragraphs as if set forth herein in full.

30.    Defendant promised Plaintiff that it would pay Plaintiff for the web design services provided to Defendant by Plaintiff.

31.    Plaintiff reasonably relied on the promises made by Defendant and acted in reliance on those promises to its detriment.

4

32.     Defendant should have reasonably expected that Plaintiff would reasonably rely upon its promises that Plaintiff would be paid for the web design services rendered on its behalf.

33.     Notwithstanding Defendant's promises to Plaintiff that it would be paid in full for web design services rendered, in breach of those promises, Defendant has failed and/or refused to pay Plaintiff the outstanding amount due of $150,000.00.

34.     As a direct, proximate, and foreseeable result of Defendant's wrongful actions and breach of promises, Plaintiff has suffered and continues to suffer damages.

## COUNT V:
## UNJUST ENRICHMENT

35.     Plaintiff re-alleges and incorporates all prior paragraphs as if set forth herein in full.

36.     As stated above, Defendant was obligated to repay Plaintiff in the amount of $150,000.00 for web design services rendered by Plaintiff.

37.     Defendant has failed to comply in the terms of the agreement with Plaintiff and has failed to make timely payment upon the outstanding balance due Plaintiff.

38.     As a result of this breach, Defendant has become unjustly enriched.

39.     ABC Corp(s) 1-10 are joined as party defendants herein as possible unknown affiliates of Defendant who have become unjustly enriched from the reasonable value of Plaintiff's services, and are thus co-obligors of Defendant's indebtedness to Plaintiff as set forth herein.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully seeks judgment in its favor and against Defendant for the following relief on behalf of Plaintiff:

A.     Compensatory damages in the amount of $150,000.00;

B.     Reasonable attorneys' fees, costs of litigation, and expenses;

5

C. Pre- and post-judgment interest; and

D. Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands trial by jury of all claims and issues triable to a jury.

Respectfully submitted,

**BRACH EICHLER L.L.C.**
5 Penn Plaza, 23rd Floor
New York, NY 10001
Phone: (973) 364-8372
Fax: (973) 618-5944
arainone@bracheichler.com

By: /s/Anthony M. Rainone
Anthony M. Rainone, Esq.

**DATED:** May 19, 2026

6

BE.17096474.1/SOD014-289222

## RULE 7.1 STATEMENT

Pursuant to Rule 7.1(a) of the Federal Rules of Civil Procedure, the undersigned counsel for Plaintiff, Ryanso LLC, a Delaware Limited Liability Company principally operating in the State of New York, certifies that it has no parent corporation and that no publicly held corporation holds more than 10% of its stock.

Pursuant to Rule 7.1(b) of the Federal Rules of Civil Procedure, the undersigned counsel for Plaintiff, Ryanso LLC, a Delaware Limited Liability Company principally operating in the State of New York further certifies that Plaintiff is wholly owned and operated by Ryan Soderberg, a resident of Brooklyn, New York.

Respectfully submitted,

**BRACH EICHLER L.L.C.**
5 Penn Plaza, 23rd Floor
New York, NY 10001
Phone: (973) 364-8372
Fax:  (973) 618-5944
arainone@bracheichler.com

By: */s/Anthony M. Rainone*
    Anthony M. Rainone, Esq.

**DATED:** May 19, 2026

7

BE.17096474.1/SOD014-289222